John D. Bennett S.
The court in its decision of September 23, 1974 (Matter of Anonymous, 79 Mise 2d 280) determined that the respondent had been deprived of his civil rights in accordance with Domestic Relations Law (§ 111) by reason of his conviction in Queens County Supreme Court for second degree manslaughter and incarceration in the State correctional facility at Ossining, New York, and therefore, that his consent to the within proposed adoptions could be dispensed with. A trial of the issue of abandonment had therefore not been necessary. However, the court ruled that the respondent had the right to defend his status as natural father and to aid the court in determining whether or not the proposed adoptions were in the best moral and temporal interests of his two sons.
A hearing in this matter was held on October 17, 1974 and. testimony given by the natural mother, her husband, the petitioner herein, and the respondent natural father, who was released from prison on parole prior to the hearing. At the conclusion of the hearing the court interviewed the adoptive children, Edward, age 15, who consented to the adoption by joining with his mother and stepfather in the petition, and Robert, age 11. By stipulation of the parties, the court’s questions and the boys’ responses are part of the record herein. Subsequently the respondent petitioned to reopen the *284 hearing in order to submit additional evidence bearing upon alleged inconsistencies of the prior testimony of the natural mother regarding Edward’s attendance and performance in school. A second hearing was held on December 18, 1974, which concluded the testimony and evidence offered by the parties. The record was completed and submitted to the court for decision on February 3, 1975. On February 25, 1975, the court received information from the Criminal Appeals Bureau of the Legal Aid Society of the City of New York that the appeal of the respondent’s conviction for manslaughter was argued before the Appellate Division, Second Department on January 17, 1975 and that a decision was expected from the Appellate Division in the month of March.
On March 31, 1975 the Appellate Division, Second Department reversed the respondent’s conviction on the law and ordered a new trial. With the reversal of his criminal conviction the respondent stands as an accused, benefiting from our constitutional presumption of innocence until proven guilty and with full restoration of his civil rights. Therefore, the within adoption petitions cannot now be approved without consent of the respondent father or proof of abandonment. Since a new trial of the respondent’s criminal action or an appeal of the decision of the Appellate Division or some other disposition by the Queens County District Attorney will delay the final determination of the respondent’s civil rights for an indefinite period, the court modifies its decision of September 23, 1974 dispensing with the necessity of the respondent’s consent to the proposed adoptions and directs a trial of the issue of abandonment together with any other issues raised in the pleadings to commence on Tuesday, May 27, 1975 at 10:00 A.M.